09-3364-cv
McPhatter v. New York City Police Department

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand and ten.

Present: AMALYA L. KEARSE,
ROBERT D. SACK,
RICHARD C. WESLEY,
            *Circuit Judges*.

_____

ROSETTA MCPHATTER,

                    *Plaintiff-Appellant*,

            - v. -                           (09-3364-cv)

NEW YORK CITY, NEW YORK CITY
POLICE DEPARTMENT,

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     ROSETTA MCPHATTER, *pro se*,
                             Brooklyn, New York.

Appearing for Appellees:     DONA B. MORRIS, Assistant
                             Corporation Counsel, City of New
                             York Law Department, *for* Michael
                             A. Cardozo, Corporation Counsel,
                             New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED.**

Plaintiff Rosetta McPhatter appeals, *pro se*, from the August 3, 2009, judgment of the district court granting summary judgment to defendants, the New York City Police Department ("NYPD") and New York City ("the City"). Plaintiff, a former employee of the NYPD, brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Before this Court, plaintiff appeals only the dismissal of her claims brought pursuant to the ADA and the dismissal of her claim of improper retaliation for bringing a charge before the Equal Employment Opportunity Commission. **[Pl. Br. at 1-2]**

We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. After conducting a *de novo* review of the record,

2

drawing all reasonable factual inferences in favor of the plaintiff, we conclude that the district court's grant of summary judgment in favor of the defendants was proper. *See Miller v. Wolfpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

We agree with the district court that, even assuming plaintiff made out a *prima facie* case that she had a history of a disability as defined by the ADA, or was perceived by her employer as disabled within the meaning of the statute, she did not show that her suspension — the act upon which her claim was founded — was based on discrimination. *See McPhatter v. N.Y. City*, No. 06 Civ. 1181 (NG) (LB), 2009 WL 2412980, at *9 (E.D.N.Y. July 30, 3009). Defendants offered a legitimate, non-discriminatory reason for McPhatter's suspension, and her subsequent termination. Plaintiff failed to offer any "argument at all that this reason was merely a pretext for a discriminatory motive." *Id.; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

With respect to McPhatter's retaliation claim, we hold that she failed to establish a causal connection between the filing of her discrimination charge and any adverse

3

employment action.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001).  As the district court noted, "plaintiff was subject to escalating disciplinary actions . . . well before she engaged in any protected activity." *McPhatter*, 2009 WL 2412980, at \*7.  Even assuming *arguendo* that plaintiff established a *prima facie* case of retaliation, her claim must fail.  McPhatter did not proffer any material evidence that would permit a rational factfinder to conclude that defendants' legitimate, non-discriminatory reasons for their actions were pretextual.

The Court has reviewed all of plaintiff's arguments and finds them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

<div style="margin-left: 50%">

For the Court
Catherine O'Hagan Wolfe, Clerk

</div>

4